CHARLES T. LINDSAY *vs.* WILLIAM R. PHILLIPS.

Third Judicial District, Bridgeport, April Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

At the request of the defendant, a building contractor, the plaintiff acted as his representative and general manager in the erection of two groups of factory buildings, for only one of which the defendant had secured the contract when his agreement was made with the plaintiff for the latter's services; but the plaintiff testified that the defendant said then that he expected to secure the contract for the second group of buildings in a short time—as in fact he did—and held this out as an inducement to the plaintiff to accept the terms of employment agreed upon. These terms, as the plaintiff testified and the trial court found, included the promise of a

commission of ten per cent as well as a salary. *Held* that this evidence warranted the trial court in finding that the agreement for the commission was intended to apply to the contract for the second group of buildings, if that was afterward obtained, as well as to that for the first group.

The parties were at issue as to the terms of their admittedly express contract, the defendant denying that there was any agreement to pay a commission in addition to salary; and contended that even if there was an agreement "to pay a ten per cent commission," there was no direct evidence of any amount upon which such a commission could be reckoned, and therefore the contract was too indefinite and uncertain to be made the basis of a claim for damages. *Held* that inasmuch as it appeared from the finding that the building contracts were made upon the basis of the owners paying all costs of construction, plus a percentage of ten per cent thereon to the defendant contractor, the trial court might very properly find, as it did, that this latter amount was the definite or ascertainable sum upon which the plaintiff's commission was to be figured; and that such compensation of the defendant contractor was fairly enough described in the complaint as the "net profits" accruing to him from the construction of the factory buildings.

Argued April 16th—decided July 20th, 1920.

ACTION to recover a commission, alleged to have been agreed upon, of ten per cent of the net profits received by the defendant, a building contractor, for the erection of certain factory buildings upon which the plaintiff was employed as general manager and superintendent, and for an accounting to determine the amount of such profits, brought to and tried by the Superior Court in Fairfield County, *Webb, J.;* facts found and an interlocutory judgment rendered for an accounting, from which the defendant appealed. *No error.*

The complaint alleges that the plaintiff rendered services as the defendant's general manager and superintendent in the construction of factory buildings for the Bullard Machine Tool Company and the Bullard Engineering Company, and that for such services the defendant promised to pay the plaintiff, in addition to his salary, a commission of ten per cent on the net profits which the defendant should receive from the con-

struction of the buildings. The payment of salary is admitted and the action limited to damages for non-payment of the commission.

The answer admits that plaintiff acted as defendant's superintendent in the construction of the Bullard buildings, but denies any agreement to pay a commission in addition to salary.

The trial court found that the defendant agreed to pay the plaintiff, in addition to salary, a commission of ten per cent on the net profits of the defendant accruing upon the Bullard contracts. It is found that when the agreement was made, on June 15th, 1917, the defendant was under contract with the Bullard Machine Tool Company for the erection of one group of buildings on the basis of cost plus ten per cent.

The court also finds that at that time it was contemplated by the defendant and the plaintiff that the defendant would probably secure from the Bullard people another contract for factory buildings, and that another contract was afterward secured from the Bullard Engineering Company. And it is found that the agreement for a commission was intended to apply and did apply to the construction of both groups of factory buildings. The contract with the Bullard Engineering Company was also on the basis of cost plus ten per cent.

The assignments of error pursued on defendant's brief are discussed therein under the following heads:—

1. The finding of the fact, without supporting evidence, that the work performed by the defendant under the contract with the Bullard Engineering Works, Inc., was in contemplation of the plaintiff and defendant on June 15th, 1917, at their interview in New York.

2. The finding of the fact, without supporting evidence, that the defendant promised to pay the plaintiff a commission of ten per cent on the net profits

received from the work performed by the defendant under the two contracts in question.

3. The conclusion of the court that a valid contract was entered into on June 15th, 1917, whereby the defendant agreed to pay the plaintiff ten per cent on the net profits received by the defendant on the work performed by him for the Bullard Machine Tool Company and the Bullard Engineering Works, Inc.

*David S. Day*, with whom was *Philo C. Calhoun*, for the appellant (defendant).

*Frank M. Canfield*, for the appellee (plaintiff).

BEACH, J. There is of course no evidence that the specific contract subsequently made between the defendant and the Bullard Engineering Company, or the identical work afterward performed under it, was in the actual contemplation of the plaintiff and defendant on June 15th, 1917.

The court did not so find. The plaintiff's evidence was that the prospect of more work from the Bullard people was held out to him as an inducement to enter the defendant's employ on the terms agreed, and that he took a chance to come up for the commission on the job already contracted for, "and then if I went on and worked for him on other jobs, I expected the same terms." We think this evidence fairly supports the finding which the court made, namely, that the agreement for commission was intended to apply to the second contract, if afterward obtained.

The second and third specifications of error, as stated on the brief, turn upon the absence of any direct testimony on the plaintiff's part that the ten per cent commission agreed upon was to be calculated on "net profits," and upon the claim that, in the absence of such

evidence, the agreement for compensation, as testified to by the plaintiff, is too indefinite and uncertain to be made the basis of a claim for damages.

Both parties testify that they made a contract of employment on some express terms, but they differ as to the terms. The intention to make some such contract being admitted, the next question is what was the intent of the parties as communicated by their words in the sense in which they ought fairly to have been understood in the light of the circumstances under which they were spoken. Shortly stated, the evidence, so far as the trial court has found it to be true, is that the defendant had a contract with the Bullard Machine Tool Company for the construction of factory buildings on the basis of the owner meeting the cost of construction and paying the contractor a percentage thereon; and that under these circumstances the defendant asked the plaintiff to act as his general manager and superintendent of works and agreed to pay him "a ten per cent commission." It is certain that the percentage was intended to be calculated on some amount which the defendant expected to receive under the contract, and the defendant's brief seems to admit this, for the charge of indefiniteness as to the word "commission" is that it could have been applied equally well to the gross or net profits of the defendant. The intention to contract for a percentage compensation on some amount accruing to the defendant being apparent, the court was bound to look at the whole situation to see whether there was any definite or ascertainable amount which the parties probably had in mind. There was such an amount, namely, the amount of defendant's agreed compensation under the Bullard Machine Tool Company's contract, and when he agreed to pay the plaintiff in addition to salary "a ten per cent commission" for assisting him in carrying out that con-

tract, we find no difficulty in interpreting that phrase, in the light of the circumstances, as meaning ten per cent of the defendant's agreed compensation.

The fact that other courts under other circumstances have found it impossible to say what was meant by similar language in other written contracts is not controlling.

The plaintiff has pleaded the agreement as one for a commission of ten per cent "on the net profit which the defendant would receive from the construction and erection of said Bullard buildings." We think this language is fairly descriptive of the compensation which the defendant was to receive under the Bullard contracts. They were contracts, as appears from the record, whereby the owners agreed to meet all costs of pay-rolls, materials and construction of the buildings contracted for, including wages of foremen, superintendants, and all incidental expenses, and to pay to the defendant "for his services and the use of his tools (Note: See detailed list attached) in construction of said buildings, a sum of money equal to ten per cent (10%) of the actual cost, as defined in Article 11 of this agreement."

The compensation thus agreed on may fairly be described under our rules of pleading as "net profit" accruing to the contractor from the construction of the buildings.

The litigated issue of fact was not whether the plaintiff's commission was to be calculated on the defendant's net profits, but whether the defendant had agreed to give him any commission at all. This issue has been found for the plaintiff, the plaintiff has rendered the services called for, and nothing remains to be done except for the defendant to pay the agreed commission. He seeks to escape that obligation on the ground that the parol evidence is insufficient to enable the court

to say whether the agreed commission was to be calculated on his gross profits or on his net profits. For the reasons stated we think the evidence points very plainly to a commission on the defendant's contract compensation, and that there is no variance between the pleadings and proofs.

There is no error.

In this opinion the other judges concurred, except GAGER, J., who dissented.